UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SWEETGREEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWEET LEAF, INC., et al., <br><br> Defendants. | Civil Action No. 11-cv-00859 (JDB) |

## MEMORANDUM OPINION

Plaintiff Sweetgreen, Inc., brings this action against defendant Sweet Leaf, Inc., and its owners Shifteh Matini, Arash Matini, and Arita Matini for trademark infringement and unfair competition. Plaintiff asserts six claims against defendants: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition, false designation of origin, and false and misleading representation under 15 U.S.C. § 1125(a); (3) trade dress infringement under 15 U.S.C. § 1125(a); (4) unfair competition under 28 D.C. Code § 3904(a), (b), (s); (5) trademark infringement and unfair competition under District of Columbia common law; and (6) a claim for an accounting of damages under 15 U.S.C. § 1117. Now before the Court is defendants' motion to dismiss the suit for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia. Upon consideration of the parties' memoranda, the applicable law, and the entire record herein, and for the reasons stated below, the Court will grant defendants' motion and transfer this action to the United States District Court for the Eastern District of Virginia.

# I. Background

Plaintiff, a Delaware corporation doing business in Washington, D.C., operates a restaurant chain specializing in salads, wraps, and frozen yogurt. Compl. ¶¶ 1, 12 [Docket Entry 1]. In connection with this business, plaintiff owns and uses several federally registered trademarks, including the "SWEETGREEN" mark and a two-toned leaf design. Compl. ¶¶ 12–25. Plaintiff also owns the domain <sweetgreen.com>. Compl. ¶ 29. Plaintiff opened its first store in August 2007, and presently operates four stores in Washington, D.C., one store in Maryland, two stores in Virginia, and two stores in the Philadelphia, Pennsylvania area. Pl.'s Opp'n to Defs.' Mot. to Dismiss or Transfer at 1–2 [Docket Entry 14] ("Pl.'s Opp'n").

Defendants, a Virginia corporation doing business in Virginia and its owners, operate a restaurant in McLean, Virginia, which features salads, sandwiches, and yogurt.[1] Compl. ¶ 2. Defendants operate the domain <eatsweetleaf.com> and use their website to advertise their goods and services. Compl. ¶ 37. Defendants began operating their business on June 1, 2009. Defs.' Mot. to Dismiss or Transfer at 2 [Docket Entry 13-1] ("Defs.' MTD").

At some point, plaintiff became aware of defendants' use of a similar mark and two-toned leaf design in connection with defendants' competing restaurant business. Compl. ¶¶ 30–31. Plaintiff asserts that defendants' marks are confusingly similar to those on which plaintiff holds superior rights, and that defendants' intention is to misappropriate plaintiff's goodwill. Compl. ¶¶ 30–36, 43. Plaintiff filed this action after its attempts to reach an agreement with defendants regarding the use of the marks were unsuccessful. Compl. ¶ 39.

---

[1] At the time this litigation commenced, defendants were in the process of opening a second store in Vienna, Virginia. The new location has since opened.

Defendants have now filed a motion to dismiss or transfer the case, arguing that this Court lacks personal jurisdiction over them and that venue in the District of Columbia is improper. Plaintiff opposes the motion, arguing that this Court has jurisdiction under the District of Columbia's long-arm statute. See D.C. Code § 13-423.

## II. Analysis

Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant. Where, as here, there has been no jurisdictional discovery, a plaintiff need only make a prima facie showing of the pertinent jurisdictional facts in order to meet that burden. See Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005); see also Brunson v. Kalil & Co., Inc., 404 F. Supp. 2d 221, 226 (D.D.C. 2005). "Moreover, to establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court. Rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." Mwani, 417 F.3d at 7. Nevertheless, a plaintiff must allege "specific facts upon which personal jurisdiction may be based," Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D.D.C. 1998), and cannot rely on conclusory allegations, see Elemary v. Philipp Holzmann A.G., 533 F. Supp. 2d 116, 121 (D.D.C. 2008).

The Court may exercise personal jurisdiction over a non-resident defendant either by (1) finding general jurisdiction over the party, allowing the court to entertain a suit against a defendant "without regard to the claim's relationship vel non to the defendant's forum-linked activity," or (2) finding specific jurisdiction based on "acts of a defendant that touch and concern the forum." Steinberg v. Int'l Criminal Police Org., 672 F.2d 927, 928 (D.C. Cir. 1981); accord

Kopff v. Battaglia, 425 F. Supp. 2d 76, 81 (D.D.C. 2006).

Here, plaintiff asserts that either general or specific jurisdiction over defendants is appropriate in light of the totality of defendants' contacts with the District of Columbia. First, plaintiff contends that defendants maintain an interactive website targeted toward residents of the District of Columbia and thereby offer their goods and services for sale to District of Columbia residents. See Compl. ¶ 10. Next, plaintiff argues, defendants maintain several pages on Facebook and Twitter that advertise their goods and services and can be viewed from Washington, D.C. See Pl.'s Opp'n at 2–3. In addition, defendants' business is listed on Yelp, a third-party website that allows users to review local businesses. Id. at 6. The business was also reviewed by the Washingtonian, a magazine catering to the Washington, D.C. region; defendants posted a link to that article on their Facebook page. Id. at 3. Finally, plaintiff asserts that defendants have contacted a real estate broker to consider the possibility of opening a store in Washington. Id.

To establish general jurisdiction over a non-resident defendant corporation, a plaintiff must show that the corporation is "doing business" in the District of Columbia. See D.C. Code § 13-334(a).[2] A plaintiff must further show that the defendant has "continuous and systematic" business contact with the forum state such that general jurisdiction over the defendant is "reasonable and just." See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984); see also Gorman, 293 F.3d at 510 (noting that the reach of general jurisdiction under

---

[2] While this statute is facially concerned with service of process, the D.C. Circuit has held that the statute "gives rise to personal jurisdiction over a foreign corporation doing business in the District." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 n.1 (D.C. Cir. 2002) (citing AMAF Int'l Corp. v. Ralston Purina Co., 428 A.2d 849, 850 (D.C. 1981)).

§ 13-334(a) is "co-extensive with the reach of constitutional due process"). Due process requires that the defendants' "conduct and connection with the forum State" is such that they should "reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

These conditions are not met here. Defendants' website, Twitter, and Facebook pages are all informational in nature; no business is conducted on or through the websites. See Defs.' MTD at 5–6; see also Decl. of Arash Matini ¶¶ 9–10 [Docket Entry 13-5]. "Mere accessibility" of a website in the forum is not a sufficient "foundation upon which to base personal jurisdiction." GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1346 (D.C. Cir. 2000). Defendants' contact with a real estate broker involved only one phone inquiry in which the defendants reached the broker's voicemail. See Decl. of John Asadoorian ¶ 3 [Docket Entry 14-7]. Plaintiff has not alleged that defendants had any serious discussion with the broker about the possibility of branching out into D.C., or that they actually did so. Taken together, then, defendants' actions do not constitute the kind of "continuous and systematic" business contact necessary to establish that defendants are "doing business" in the District of Columbia in such a manner that they would expect to be "haled into court" in the District for their actions.

To establish specific jurisdiction over a non-resident defendant, a plaintiff must plead facts that both (1) bring the case within the scope of the District of Columbia's long-arm statute and (2) satisfy the constitutional requirements of due process. See GTE New Media Servs., Inc., 199 F.3d at 1347. The relevant portion of the District's long-arm statute states:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
> --

> (1) transacting any business in the District of Columbia; [or]
>
> . . .
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

D.C. Code § 13-423(a)(1), (4). A claim for relief under either of these provisions must "aris[e] from" the same acts conferring jurisdiction over the defendant. D.C. Code § 13-423(b).

This Circuit has interpreted § 13-423(a)(1)'s "transacting any business" language to confer jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution when a claim arises out of business transacted in the District of Columbia. See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995) (citing Hummel v. Koehler, 458 A.2d 1187, 1190 (D.C. 1983)). Hence, the only question for this Court is whether defendants purposefully established "minimum contacts with [the District of Columbia] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Helmer v. Doletskaya, 393 F.3d 201 (D.C. Cir. 2004) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (alteration in original). As discussed previously, defendants conduct no business in the District, and their goods and services are not available through their passive website. Defendants' limited consideration of real estate in the District does not rise to the level of transacting any business within D.C. borders. Therefore, defendants do not "transact[ ] any business in the District of Columbia" within the meaning of § 13-423(a)(1).

Plaintiff argues that this Court has jurisdiction under § 13-423(a)(4), which grants jurisdiction for acts or omissions outside the District. To establish jurisdiction under this clause, a plaintiff must show (1) that it suffered a tortious injury in the District of Columbia; (2) that the

injury was caused by the defendant's act or omission outside of the District of Columbia; and (3) that the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4); see also GTE New Media Servs., Inc., 199 F.3d at 1347. Because there is no evidence that defendants regularly do or solicit business or engage in any other persistent course of conduct in the District, the Court does not have jurisdiction under § 13-423(a)(4).

To repeat, defendants' passive websites alone do not provide a basis for jurisdiction. Their Facebook pages and Twitter accounts, while interactive, are more like a broad national advertising campaign than a website engaging in e-commerce. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 106 (3d Cir. 2004) (finding that a national advertising campaign by itself is not sufficient for exercising personal jurisdiction); Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1305 (10th Cir. 1994) (same). The existence of the Yelp page does nothing to support a finding of personal jurisdiction, as the information contained on the page is monitored by Yelp employees and the reviews are posted by customers, not the business owner. Plaintiff points to several self-identified Washington, D.C., residents who have reviewed the restaurant on Yelp. See Pl.'s Opp'n at 6. The fact that individual D.C. residents have visited the defendants' business does not show that defendants "solicited" D.C. residents as a group. Finally, defendants' consideration of a possible business expansion into the District consisted of one isolated phone call, hardly a "persistent course of conduct."

Plaintiff's strongest argument in favor of jurisdiction under § 13-423(a)(4) is that defendants posted a link to a review in the Washingtonian on one of their Facebook pages. There

is no evidence here that defendants solicited the review or contracted with a D.C. entity in order to receive a review in the Washingtonian. See Decl. of Arash Matini ¶ 8. Hence, this situation is distinguishable from cases under the long-arm statute where jurisdiction has been found to exist based on newspaper advertising. See Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 332 (D.C. 2000) (reasoning that personal jurisdiction was proper because Shoppers contracted with a District business, the Washington Post, to place the advertisement); Heroes, Inc. v. Heroes Foundation, 958 F. Supp. 1, 3 (D.D.C. 1996) (finding sufficient contacts with the District when defendant's business partner placed an advertisement in the Washington Post with the knowledge and permission of the defendants, and the defendants received financial contributions as a direct result of the ad). Although defendants did post the link on their Facebook page, they merely used the positive review they received to further target their own audience. Posting a link to the review on their Facebook page was just the business's way of capitalizing on positive publicity, and was not "purposely directed" toward the District of Columbia or its residents.

This Court recognizes that the "[m]etropolitan Washington, D.C. area functions, in many respects, as a unified legal and commercial community." Shoppers Food Warehouse, 746 A.2d at 332. This fact, however, does not dilute the requirement that a defendant business avail itself of the benefits of doing business in the District of Columbia before it can be sued here. Taken together, the actions of defendants are not enough to show that they solicited business or engaged in any other persistent course of conduct within the District of Columbia as required by § 13-423.[3]

---

[3] Having decided that this Court has no personal jurisdiction over defendants, this Court need not address whether venue is also improper.

Defendants have requested that this case be transferred to the United States District Court for the Eastern District of Virginia. See Defs.' MTD at 8. The Court may transfer an action even though it lacks personal jurisdiction over the defendants. See Narthex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983); Hoffman v. Fairfax Cnty Redev. & Hous. Auth., 276 F. Supp.2d 14, 16 n.1 (D.D.C. 2003). Transfer is appropriate under 28 U.S.C. § 1406(a) "when procedural obstacles [such as lack of personal jurisdiction or improper venue] impede an expeditious and orderly adjudication . . . on the merits." Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)). The decision to transfer an action on this basis is left to the discretion of the court. See Novak-Canzeri v. Saud, 864 F. Supp. 203, 207 (D.D.C. 1994).

In a case filed in an improper jurisdiction, a court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). Venue for this action is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The events giving rise to plaintiff's claims occurred in the Eastern District of Virginia, where defendants live and operate their business; it is there that the court may exercise personal jurisdiction and where venue is proper. Assuming without deciding that plaintiff states viable claims, in the interest of justice this Court will transfer this action to the United States District Court for the Eastern District of Virginia.

### III. Conclusion

For the forgoing reasons, defendants' motion will be granted and the case transferred to the United States District Court for the Eastern District of Virginia. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED**.

>                  /s/
>            John D. Bates
>       United States District Judge

Dated: March 23, 2012